CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
9/18/2019
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MICHAEL W. DECKER ) | |
| ) | |
| Appellant, ) | |
| ) | Civil Action No. 5:19-cv-00009 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| W. STEPHEN SCOTT, ) | United States District Judge |
| ) | |
| Appellee. ) | |

ON APPEAL FROM
THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION
Case No. BK 17-50297

**MEMORANDUM OPINION**

Michael W. Decker, the appellant, filed a voluntary Chapter 7 petition on March 30, 2017, in the U.S. Bankruptcy Court for the Western District of Virginia. On June 27, 2018, the Chapter 7 Trustee, W. Stephen Scott, (Trustee) filed a motion seeking permission to examine Decker and Decker's two accounting firms—Winchester Accounting and Consulting, Inc., (WACI) and Winchester Accounting, LLC (WAL)[1]—pursuant to Federal Rule of Bankruptcy Procedure 2004. The bankruptcy court granted the motion over Decker's objections[2] by order

---

[1] The record indicates that prior to filing, Decker provided accounting services as the sole owner of WACI, a subchapter S corporation. (R. at 34, 39, Dkt. No. 2.) After the Trustee filed a motion to sell Decker's interest in WACI pursuant to 11 U.S.C. § 363, Decker formed WAL to continue his accounting practice. (*Id.* at 11, 20.)

[2] Decker objected on three grounds. He argued that because his post-petition earnings with WAL are not property of the estate, the Trustee does not have authority or jurisdiction to examine WAL. (R. at 18–27.) He also asserted that principals of res judicata should preempt the Trustee from examining Decker and his companies to the extent such examination sought to "relitigate issues [from an earlier adversary proceeding] such as the appropriate balance of accounts receivable of [WACI] and/or work in progress." (*Id.* at 10.) Decker's last objection discusses

entered August 1, 2018. (R. at 4–9, Dkt. No. 2.) Pursuant to the bankruptcy court's order authorizing a Rule 2004 examination, the Trustee began issuing discovery requests to Decker and his companies. (*Id.* at 44–66, 75–113.) Decker objected to the Trustee's discovery requests, and the Trustee issued a subpoena duces tecum to WAL. (*Id.* at 114–19.) Decker then filed a motion to quash the subpoena, reasserting nearly word-for-word the issues he raised in his objections to the Trustee's motion for a Rule 2004 examination. (*Id.* at 33–43.) The bankruptcy court, explaining that it had already considered and overruled Decker's arguments once, denied Decker's motion with prejudice. (*Id.* at 120–22.)

Decker appeals the bankruptcy court's order, asserting that the bankruptcy court erred by denying his motion with prejudice.[3] Specifically, he argues that by denying his motion with prejudice, the bankruptcy court effectively precluded him from raising the same issues at later stages of the proceeding even though the bankruptcy court never reached the merits of his arguments. (Appellant Br. 6–7, Dkt. No. 4.)

In response, the Trustee argues that Decker effectively seeks to appeal an issue decided in the bankruptcy court's order granting the Trustee's motion to conduct a Rule 2004 examination, for which the time to file an appeal has already passed. He further notes that the bankruptcy court did not make any determination as to the issues raised in Decker's motion to quash but merely ordered Decker to comply with the bankruptcy court's discovery order. (Appellee Br. 8–12, Dkt. No. 6.) The Trustee also moves to dismiss the appeal on the grounds that it is moot, the

---

the tax implications of selling an S Corporation before ultimately arguing that "post-petition income is no longer a relevant issue in regard to the Motion to Sell." (*Id.* at 6–7.)

[3] Decker further suggests the bankruptcy court erred by imposing sanctions (Appellant Br. 4); however, the bankruptcy court's order denying Decker's motion to quash did not impose sanctions (R. 120–21), and the record presented to this court does not indicate that the bankruptcy court has since taken any action against Decker (*Id.* at 4–9.). Although the Trustee sought attorney's fees and costs based on Decker's repeated objections, the bankruptcy court had not taken any action on that request as of the date of Decker's appeal. (*Id.*)

appeal seeks to overturn a non-appealable order, and Decker lacks standing to file the appeal. (Mot. to Dismiss 3–7, Dkt. No. 5.)

Although the parties do not address whether the bankruptcy court's order is final and appealable, the court will raise the issue *sua sponte*. Finding that the bankruptcy court's order denying Decker's motion to quash is not a final order as required for the court to assert jurisdiction pursuant to 28 U.S.C. § 158(a), the court will dismiss the appeal for lack of subject-matter jurisdiction.

## I. DISCUSSION

This court has subject-matter jurisdiction over bankruptcy appeals pursuant to 28 U.S.C. § 158(a). *See In re Yellow Poplar Lumber Co., Inc.*, 598 B.R. 833, 836 n.2 (W.D. Va. 2019). Section 158(a) provides that "the district courts of the United States shall have jurisdiction to hear appeals from *final judgments, orders, and decrees* . . . entered in cases and proceedings referred to the bankruptcy judges under Section 157 of this title." 28 U.S.C. § 158(a)(1) (emphasis added). While the Trustee suggests that "[t]his is an appeal of a final order of the Bankruptcy Court," (Appellee Br. 6.), "[s]ubject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Because the court doubts the finality of the bankruptcy court's order, the court must, as a preliminary matter, review whether it has subject-matter jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a).

Generally, "a case in federal district court culminates in a 'final decisio[n],' . . . a ruling 'by which a district court disassociates itself from a case.' A party can typically appeal as of right only from that final decision." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1691 (2015) (alteration in original) (quoting *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42 (1995)). However, "[t]he rules are different in bankruptcy. A bankruptcy case involves 'an aggregation of individual controversies,' many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor." *Id.* at 1692 (quoting 1 *Collier on Bankruptcy* ¶ 5.08 (16th ed. 2014)). Thus, the "concept of finality in bankruptcy cases 'has traditionally been applied in a more pragmatic and less technical way . . . than in other situations.'" *In re Computer Learning Ctrs., Inc.*, 407 F.3d 656, 660 (4th Cir. 2005) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1009 (4th Cir. 1986)). As a guiding principal, "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Bullard*, 135 S. Ct. at 1692.

Outside the context of bankruptcy court, the Supreme Court has held "that one to whom a subpoena is directed may not appeal the denial of a motion to quash that subpoena but must either obey its commands or refuse to do so and contest the validity of the subpoena if he is subsequently cited for contempt on account of his failure to obey." *United States v. Ryan*, 402 U.S. 530, 532 (1971) (citing *Cobbledick v. United States*, 309 U.S. 323 (1940)). Similarly, the Fourth Circuit has held that "[o]rders enforcing subpoenas issued in connection with civil and criminal actions, or with grand jury proceedings, are normally not considered final. To obtain immediate review of such a district court enforcement order, the party to whom it is issued must defy it so that a contempt order, which is considered final, is entered against him." *Reich v. Nat'l Eng'g & Contracting Co.*, 13 F.3d 93, 95 (4th Cir. 1993) (citations omitted). Considering the

more pragmatic approach taken in bankruptcy cases, however, it is less clear whether an order compelling production pursuant to an order authorizing a Rule 2004 examination similarly lacks finality.

Nonetheless, numerous courts have held generally that a bankruptcy court's discovery orders lack finality and are interlocutory for the purposes of § 158(a). *See, e.g.*, *In re Tullius*, 500 F. App'x 286, 289 n.8 (5th Cir. 2012); *Coleman v. Simpson (In re Coleman Craten, LLC)*, 15 F. App'x 184 (Table), 2001 WL 987034 (4th Cir. 2001); *Vance v. Lester (In re Vance)*, 165 F.3d 34 (Table), 1998 WL 783728, at *1 (7th Cir. 1998); *In re Jeannette Corp.*, 832 F.2d 43, 46 (3d Cir. 1987); *W.S. Badcock v. Corp. v. Beaman*, No. 4:14-CV-169-BO, 2015 WL 575422, at *2 (E.D.N.C. Feb. 11, 2015); *Countrywide Home Loans v. Office of the U.S. Trustee*, No. 08-617, 2008 WL 2388285, at *3–4 (W.D. Pa. June 11, 2008) (finding that a bankruptcy court's order denying in part Countrywide's objections and motion to quash was not a final order).

Moreover, several courts have held that orders specifically compelling discovery—including those denying motions to quash subpoenas issued pursuant to Rule 2004 orders—are interlocutory and not subject to immediate appeal. *See In re Coleman Craten, LLC*, 2001 WL 987034, at *1 (dismissing an appeal of a bankruptcy court's order granting in part and denying in part a trustee's motion to compel); *Joseph v. Lindsey (In re Lindsey)*, 212 B.R. 373, 375 (B.A.P. 10th 1997) (holding that a bankruptcy court order denying a motion for a protective order did not constitute a final order); *In re Midwest Video Games, Inc*, No. 98 C 3836, 1998 WL 395152, at *1 (N.D. Ill. July 9, 1998); *Hotel Syracuse, Inc. v. City of Syracuse Indus. Dev. Agency (In re Hotel Syracuse, Inc.)*, No. 90-02921, 1991 WL 274253, at *4 (N.D.N.Y. Dec. 19, 1991) ("Because the main thrust of the September 20 Order was to compel the parties to proceed with

5

discovery, the Order in its entirety cannot be classified as a final order and therefore is not appealable as of right.").[4]

This court joins the above cases in holding that a bankruptcy court's order compelling discovery is not a final order, judgment, or decree subject to immediate appeal.[5] The bankruptcy court's order in this case denied Decker's motion to quash the Trustee's subpoena, compelling him, as the representative of WAL, to comply with the bankruptcy court's prior discovery order. Consequently, the court finds that it lacks jurisdiction to hear Decker's appeal.

## II. CONCLUSION

For the foregoing reasons, Decker's appeal will be dismissed for lack of subject-matter

---

[4] *Hotel Syracuse* further clarified that where a court's "'opinion is replete with expression of non-finality [and it] contemplates further proceedings in the bankruptcy court . . . ,' the decision is not appealable as of right." 1991 WL 274253, at *4 (quoting *In re Chateaugay Corp.*, 838 F.2d 56, 62 (2d Cir. 1988)). Similarly, the District of Colorado adopted a conditional test to determine finality in *Intercontinental Enters., Inc. v. Keller (In re Blinder, Robinson & Co., Inc.)*, 127 B.R. 267, 272–73 (D. Colo. 1991) ("This is not to say that all appeals from Rule 2004 orders are non-final. . . . Where the dispute has been narrowed and there is no indication that further action by the bankruptcy court will be forthcoming, an order concerning Rule 2004 examinations should properly be considered final."); *see also Buckner v. Okla. Tax Comm'n (In re Buckner)*, 271 B.R. 213 (Table), 2001 WL 992063, at *2 (B.A.P. 10th 2001) ("Because the postconfirmation Rule 2004 examination is a separate proceeding and there is no indication that further action by the bankruptcy court will be forthcoming, we conclude the matter is final for purposes of appeal under § 158(d)."). This court agrees with the Southern District of Texas, however, which noted, "[w]hen the *Blinder* court wrote, it had little guidance on whether an order authorizing or limiting a Rule 2004 examination is a final, appealable order. Since then, the cases have consistently held that Rule 2004 orders are interlocutory and not immediately appealable." *Speer v. Tow (In re Royce Homes LP)*, 466 B.R. 81, 90 (S.D. Tex. 2012). Accordingly, it declines to adopt the qualified rules set forth in *Hotel Syracuse* or *Blinder*.

[5] In so holding, the court further notes that an interlocutory appeal is not appropriate in this case. Decker did not seek leave to appeal the bankruptcy court's interlocutory order pursuant to § 158(a)(3). Moreover, the appeal does not meet the three-factor test of 28 U.S.C. § 1292, which governs appeals of interlocutory bankruptcy orders. *See Atl. Textile Grp., Inc. v. Neal*, 191 B.R. 652, 653 (E.D. Va. 1996); *see also W.S. Badcock Corp.*, 2015 WL 575422, at *2 ("[A]ppeal from an interlocutory order is appropriate when (1) the order involves a controlling question of law; (2) there is substantial ground for a difference of opinion; and (3) allowing an immediate appeal would materially advance the litigation."). Nor does Decker's appeal meet the prerequisites of asserting jurisdiction under the collateral order doctrine. *In re Lindsey*, 212 B.R. at 375 ("Since the Appellant may obtain effective review by appealing any contempt order issued against him, the collateral order doctrine is not met." (citing *Ryan*, 402 U.S. at 533–34)).

jurisdiction under 28 U.S.C. § 158(a) and the Trustee's motion to dismiss the appeal will be denied as moot. An appropriate order will be entered.

Entered: September 18, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge